UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN HILL,

Plaintiff,

v.

COREY ENGELBREKTSON, *et al.*,

Defendants.

Case No. 2:24-cv-01904-JDP (PC)

**ORDER**

GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

ECF No. 2

**SCREENING ORDER**

FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND

ECF No. 1

Plaintiff, an inmate in the El Dorado County Jail, brings this action against two members of the El Dorado County Sheriff's office and two district attorneys. ECF No. 1 at 3. The complaint fails to state a claim because they implicate ongoing state criminal proceedings and, thus, are barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, if the state proceedings are complete, plaintiff's request for exoneration can only be accomplished by filing a habeas petition. I will give plaintiff leave to amend before recommending that this action be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I. Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that defendant Engelbrektson, a detective with the El Dorado County Sheriff's Department, falsely claimed that he had a previous criminal charge. ECF No. 1 at 3. The district attorney defendants allegedly used this false information in the criminal charges filed against him. *Id.* These defendants also allegedly failed to turn over exculpatory video evidence. *Id.* By way of relief, plaintiff requests that he be exonerated and cleared of the state charges. *Id.* Federal courts are bound, absent extreme circumstances, to abstain from interfering in state court criminal proceedings. *Younger*, 401 U.S. at 45-46. Abstention is required where: (1) the state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the claimant an adequate opportunity to raise his federal issues. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). Those elements appear to be met here. The proceedings appear ongoing, criminal charges implicate important state interests, and plaintiff has not offered reason why he cannot raise his claims of false charges and withheld video evidence before the state court. Finally, plaintiff has not identified any extraordinary circumstances justifying non-application of the abstention doctrine.

Plaintiff's state criminal proceedings appear ongoing but, to the extent they have been completed and ended in a conviction, he may obtain exoneration only by filing a habeas petition attacking the validity of that conviction.

I will grant plaintiff leave to amend before recommending dismissal of this action. Therein, he should explain why this action should proceed. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: October 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE