UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN HILL,<br><br>Plaintiff,<br><br>v.<br><br>COREY ENGELBREKTSON, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-1904-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

     Plaintiff, an inmate in the El Dorado County Jail, brings this action against a member of the El Dorado County Sheriff's office and a district attorney. ECF No. 11 at 1. His claims center on the validity of his conviction in state court and, as I informed plaintiff in my last screening order, if the state proceedings are complete, plaintiff's request for exoneration can only be accomplished by filing a habeas petition after he exhausts his claims in state court. I have already informed plaintiff of this deficiency and given him leave to amend once. The most recent amended complaint does nothing to effectively address it, and I now recommend this action be dismissed.

1

**Screening Order**

**I.       Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.       Analysis**

Plaintiff alleges that the state superior court erred when it withheld information about a prior conviction of a material witness in his criminal trial. ECF No. 11 at 2. He also alleges that the prosecutor failed to correct testimony that the prosecutor knew was false. *Id.* at 4. The

complaint is lengthy, and other claims related to plaintiff's criminal trial are also implicated. *Id.* at 23-24. Plaintiff alleges that the criminal trial occurred in September 2022. *Id.* at 2. If the criminal proceedings are complete,[1] plaintiff may challenge his conviction only by way of a federal habeas petition. Such a petition can proceed once he has fully exhausted his claims in state court. I decline to convert the immediate action into a habeas petition. First, neither of the named defendants would be a proper respondent in a habeas petition. *See Stanly v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."). Second, it is unclear whether plaintiff's claims have been exhausted for habeas purposes by way of presentation to the California Supreme Court. Converting the petition only to dismiss it for want of exhaustion makes little sense. Third and finally, plaintiff was notified in my previous screening order that claims attacking his conviction could proceed only by way of a habeas petition. ECF No. 7 at 3. As best I can tell, his current complaint evinces no explicit intent to convert the action into one for habeas corpus relief. *See Trimble v. City of Santa Rosa*, 49 F.3d 583. 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition.").

Thus, I find it most appropriate to recommend dismissal of this action without prejudice. I will order a habeas form be sent to him and he may, if he chooses, initiate a separate habeas action attacking his conviction. Further leave to amend in this case, however, is unwarranted as it appears plaintiff is not capable of stating a cognizable section 1983 claim.

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. The Clerk of Court shall send plaintiff a habeas petition form with this order and recommendations.

---

[1] As I explained in my previous screening order, if the criminal proceedings are ongoing, this court must refrain from interfering under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

3

1  Further, it is RECOMMENDED that the second amended complaint, ECF No. 11, be
2  DISMISSED for failure to state a cognizable section 1983 claim and this case be closed.

3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
5  service of these findings and recommendations, any party may file written objections with the
6  court and serve a copy on all parties.  Any such document should be captioned "Objections to
7  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
8  within fourteen days of service of the objections.  The parties are advised that failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.  *See*
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
11 1991).

IT IS SO ORDERED.

Dated:    February 27, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4